## MELVIN HEISE v. STATE.

No. A-9456. May 19, 1939.

(90 P. 2d 947.)

H. W. Wright, of Cherokee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and O. M. Ginder, Co. Atty., of Cherokee, for the State.

BAREFOOT, J. Defendant was charged in the county court of Alfalfa county, with the unlawful possession of a still; was tried, convicted, and sentenced to pay a fine of $150, and serve 30 days in the county jail, and has appealed.

The defendant in this case was sentenced on the 8th day of November, 1937, and was, by the court, given an extension of 30 days to prepare and serve a case-made for appeal to this court. On December 6, 1937, he was, by the court, granted an extension of 60 days' additional time to prepare and serve the same. His time would have expired for the serving of same on the 5th day of February, 1938.

A transcript of the record was filed in this court on March 5, 1938, and contained therein is an order dated February 10, 1938, providing for a 15 days' additional extension of time, beginning February 6, 1938, for the preparation and serving of the case-made.

With the record in this condition, the Attorney General and the county attorney of Alfalfa county, on April 18, 1938, filed a motion in this court to dismiss the appeal, for the reason that the transcript or case-made was not served prior to February 6, 1938, and that no order for an extension was made until February 10, 1938, and after the time had expired for the serving of the same.

The defendant, on April 18, 1938, filed a reply or response to this motion, which was duly verified, in which he alleged he appeared before the county judge of Alfalfa county, in person, on or before the 5th day of February, 1938, and asked for an extension of time, and was informed by the county judge that said extension would be granted if the case-made was not completed by the court reporter without further ceremony, and that the county judge, "in the county courtroom of Alfalfa county, upon oral application of H. W. Wright, attorney for Melvin Heise, gave to this plaintiff an extension of time." That afterwards, and on the 7th day of February, 1938, his attorney, in his presence, telephoned the county judge, and asked him if the extension had been granted, and if written instruments reflecting the action of the defendant and of the county court could be filed, and that the county judge advised the defendant that the written instruments reflecting the action of Melvin Heise and the court could be filed at any time. That said written orders were prepared by defendant's attorney reflecting the order made by the court on February 5, 1938, and were left upon the desk of the court bearing date of February 5, 1938, being the exact date that said order was made. That thereafter, and on the 10th day of February, 1938, the county judge, at the request of the county attorney, "changed the dates upon said instruments to show the application and order to be made on the 10th day of February, 1938," and further alleged, "That said record has been willfully and deliberately changed for the purpose of supporting such a motion as was filed in this case."

It was further alleged in said reply that defendant had paid $25 to the court reporter for the purpose of having prepared the transcript and case-made in this case. That the same could have been prepared in five days, but that he has asked the county court reporter for said case-made many times, but the same had not been delivered, but he was assured by the court reporter that he would not let the time run.

He further alleged that he had filed a motion asking this court to require the county judge of Alfalfa county "to make a case-made and file it in this court." He further stated: "That Melvin Heise has been hampered and hindered by the court in his appeal. Every effort has been made to prevent his appealing to this court by the officers of the county court of Alfalfa county." He also alleges that the appeal was being prosecuted "on account of misconduct and error of the county court of Alfalfa county, including the county judge, county attorney, and county court reporter."

A hearing was had by this court on the 25th day of May, 1938, at which time the county judge and county attorney were present and also defendant and his counsel. Oral testimony was heard, and after said hearing was completed, it was agreed by all parties that the order made on the 5th day of February, 1938, extending the time to prepare and serve the case-made should stand as of that date, and it was further ordered that a transcript of the evidence should be prepared by the court reporter for the purpose of attaching the same to the transcript which had already been filed in this court on the 5th day of March, 1938.

On February 7, 1939, the attorney for defendant filed an application and affidavit and brief in this case, in which he states:

"Melvin Heise, being first duly sworn deposes and says: That he is the plaintiff in error herein, and was known as the defendant in the trial court.

"Affiant states that no proper case-made was prepared by the county court or county court reporter; that the alleged case-made filed herein contains no transcript of the testimony; that the testimony at the trial showed conclusively that the alleged still was found upon the Great Salt Plains Reservation, which is a federal reservation, reserved at statehood, but the alleged still was near the land and home of another party who was not a party to this or any other proceeding. That the defendant Melvin Heise was not at or near the alleged still but was hunting near the edge of the Great Salt Plains reserve. There was absolutely no evidence that the defendant owned, operated, had any control over or had ever seen or heard of the alleged still, or of the land upon which it was alleged to be located.

"The evidence and record if properly transcribed would show conclusively that the court erred in failing to sustain the defendant's demurrer to the evidence, error in admitting improper testimony of the state, error in refusing to admit certain of the defendant's testimony and erred in permitting prejudicial remarks.

"That the defendant gave the county court reporter $25 to make a transcript of the testimony and case-made herein, but no transcript of the testimony has been furnished. That the Honorable Criminal Court of Appeals, ordered a transcript, furnished on the 25th day of May, 1938, in open court, but none has been furnished and it is impossible for the defendant to make a case-made showing the testimony, the objections, the rulings and remarks.

"Wherefore affiant this plaintiff in error respectfully asks that this Honorable Court remand this case, with instructions to grant the defendant a new trial."

No reply or answer or brief has been filed by the state to this date. Afterwards, and on the 2nd day of May, 1939, an affidavit was filed by the defendant that he had "personally called for said case-made at the office of the county court reporter at least 25 times, and has always been told that it would be delivered to me, or turned to H. W. Wright, when completed; that said case-made, including testimony, has never been delivered." An affidavit of H. W. Wright, attorney for defendant, on the same date, states that he had

made requests of the court reporter many times, "both before and since the oral argument in the Criminal Court of Appeals," and that the same had not been furnished. And that on the 20th day of April, 1939, he made a written request to the county judge for a transcript of the testimony, and the same had not been furnished. Both of the above affidavits were served by mail upon the 24th day of April, 1939, upon the county attorney of Alfalfa county, and the Attorney General. No response has been filed at this time by either the county attorney or the Attorney General.

Under the facts as above stated, we have come to the conclusion that this case should be reversed and remanded for a new trial. At the hearing in this court it was agreed that the transcript of the evidence would be prepared and furnished the defendant immediately. This was on the 25th day of May, 1938. The same has not yet been furnished. No reason has been offered for this delay. It seems that defendant has exhausted every remedy for the procurement of a transcript of the evidence in this case, but has been unable to secure the same, although he has paid for the preparation of same.

It is, therefore, ordered that the judgment of the county court of Alfalfa county be reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.